**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RETAIL SERVICE SYSTEMS, INC. | Case No. 2:13-cv-00994 |
| PLAINTIFF, | |
| v. | Judge George Smith |
| CAROLINA BEDDING DIRECT, LLC, *et al.*, | Magistrate Judge Mark Abel |
| DEFENDANTS. | |

**PROTECTIVE ORDER**

Plaintiff Retail Service Systems, Inc. ("Plaintiff" or "RSS") and defendant Carolina Bedding Direct, LLC, a dissolved North Carolina limited liability company ("Defendant" or "Dissolved CBD") anticipate that discovery in this action ("the Action") will require the production of documents and things and testimony containing confidential, sensitive, and/or proprietary information requiring protection against unrestricted disclosure and use.  In the interest of expediting discovery and limiting disputes regarding access to such information, their counsel submitted drafts of a proposed protective order to the Magistrate Judge. Plaintiff originally objected to the version submitted by defendants' counsel, but later withdrew those objections so that a protective order would be in place and discovery could proceed. Accordingly, the following protective order is entered:

1.     This order for the protection of confidential information ("Protective Order") shall be applicable to and shall govern without limitation all documents, materials, and information which has been or will be produced informally and/or in response to requests for production of documents and things, depositions, interrogatory answers, responses to requests for admissions,

orders of the Court, any other discovery authorized by the Federal Rules of Civil Procedure, court testimony, and matters of evidence in connection with the Action.

2.	Any person or party, whether or not a party to this Action, with a reasonable, good faith belief that any documents, materials, or information produced in this case contain confidential information may, at the time of production, and by written notice as described herein, designate such documents, materials, or information as "Confidential" or "Highly Confidential and/or Attorneys Eyes Only" (or a reasonable abbreviation thereof).  The information so designated, collectively referred to herein as "Restricted Material," shall thereafter be subject to the provisions of this Protective Order.  Any person making such designation shall be referred to herein as the "Designating Party."  A party receiving such Restricted Material shall be referred to herein as the "Receiving Party."

3.	Any documents, materials, or information to be designated Restricted Material may be so designated either by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL and/or ATTORNEYS EYES ONLY" on such documents, materials, or information prior to their production.  Where such documents, materials, or information to be designated are not capable of being so marked, a party may make a designation under this Protective Order by furnishing a separate written notice to the undersigned counsel for the Receiving Party, at the time of the production of such documents, materials, or information or as soon thereafter as practicable, specifically identifying the documents, materials, or information to be so designated (for example, by describing the document(s) or identifying the document number(s)) and their respective designations.

4.	For purposes of this Protective Order, the term "Confidential" shall mean any and all documents, materials, or information concerning the products, projects, activities, marketing,

promotion, business, or financial affairs of the producing party acquired in the course of the party's respective work that such party believes in good faith would qualify for a protective order if sought from the Court.  For purposes of this Protective Order, the term "Highly Confidential Attorneys Eyes Only" shall mean any and all Confidential information that relates to or contains confidential commercial information of the producing party, the disclosure of which such party believes in good faith may result in competitive injury.

To the extent a party may produce material that originated with another party, the producing party shall make best efforts to designate such material in accordance with the expectations and instructions of the entity from whom the material originated.  Moreover, if any party hereto contends that any document, material, or information should be treated as Confidential or Highly Confidential Attorney Eyes Only but was not so designated by the Designating Party, such party may promptly inform all Designating Parties and Receiving Parties of the identity and proposed designation of such material, and all such material shall be treated as having been so designated.  Any party challenging such a designation may proceed under the provisions of Paragraph 18.

In the event that identical or substantially similar documents and/or information may be produced by multiple parties in this litigation with no or differing levels of designation under this Protective Order, the parties agree to treat such documents and/or information in accordance with the most restrictive designation.

5.     The inadvertent production of any Restricted Material during discovery in the Action without a "Confidential" or "Highly Confidential and/or Attorneys Eyes Only" designation shall be without prejudice to any claim that such material is Confidential, Highly Confidential, privileged in any respect, or protected from discovery as trial preparation material,

provided that, upon discovery of the omission of the "Confidential" or "Highly Confidential and/or Attorney Client Privileged" designation, the party producing such material promptly provides a written notice to the parties to whom the material was produced identifying the material and the designation to be applied to that material.  No party shall be held to have waived any rights by such inadvertent production.  In the event that any document, material, or information that is subject to a claim of privilege or that is protected from discovery as trial preparation material is inadvertently produced, the party that received the document, material, or information shall make reasonable efforts to collect, recover, and return same, together with all copies thereof, to the producing party promptly after it receives a written notice from the producing party that the document, material, or information was produced inadvertently.  If, prior to receiving notice of an inadvertent production, a Receiving Party uses or discloses Confidential or Highly Confidential information, the Receiving Party shall not be deemed in violation of this Order or otherwise be penalized for such use or disclosure provided that the Receiving Party makes prompt, reasonable efforts to collect, recover, and return the material inadvertently disclosed, together with all copies thereof, to the producing party.  The producing party shall promptly provide properly marked replacement copies of all unmarked, non-privileged, non-trial preparation "Confidential" or "Highly Confidential" material that were inadvertently produced

      6.     Subject to the provisions of paragraphs 7, 9, and 14 below, material marked as containing Confidential information shall be disclosed only to:

          a.     RSS and Dissolved CBD, and any of their respective employees, officers, shareholders, directors or members, provided, however, the Confidential Information is reasonably within the scope of the employees' knowledge;

b. This Court and any court to which an appeal might lie, including court personnel, as well as trial jurors;

c. Counsel for the non-designating parties, together with their respective associate attorneys and office personnel employed or engaged in the preparation for, or aiding in the trial of, the Action;

d. Outside vendors who perform microfiching, photocopying, computer classification, or similar clerical functions, but only for so long as and to the extent necessary to perform those services;

e. Court reporters and other persons engaged in preparing transcripts of testimony of hearings in the Action;

f. Experts (subject to paragraph 7 of this Protective Order) consulted by counsel in connection with the Action, whether or not retained to testify at trial;

g. Witnesses, even if not author/recipient, at any deposition in or trial of the Action, subject to the provisions of paragraphs 11, 12, and 13 of this Protective Order and any further orders of the Court; and

h. Any other persons to whom the Designating Party agrees in writing that disclosure may be made.

7. In the event that a party designates materials as containing Highly Confidential information, the information shall be treated the same as and shall be subject to the same procedures as set forth in this Protective Order for information designated Confidential, except that such information shall be disclosed only to persons identified in subparagraphs (b)-(h) of Paragraph 6 above. Additionally, no Highly Confidential material subject to this Protective Order shall be disclosed to any individual or business entity described in subparagraphs (f)

5

and/or (g) of Paragraph 6 above unless counsel in good faith deems such disclosure is reasonably necessary in order to assist in the preparation or the conduct of this proceeding, provided that no material produced, nor information acquired or extracted from same will be divulged or made accessible to any competitor of any party and the person to whom such disclosure is made first executes the agreement annexed hereto as Appendix A.

8. Prior to being permitted access to Restricted Material subject to this Protective Order, any individual or business entity described in subparagraphs (a), (f), (g) and (h) of Paragraph 6 above shall sign the form of agreement annexed hereto as Appendix A.  The original of each agreement shall be retained by counsel of record for the party making the disclosure to such individual or business entity in accordance with this protective order.

9. Except as acknowledged in paragraph 2 of this Protective Order, all material designated as Restricted Material in accordance with this Protective Order shall be used solely for the purposes of prosecuting or defending the Action and in connection with any appeals thereof.  It may not be used for any business or commercial purpose, or for any other litigations, administrative proceedings, or dispute resolution procedures, except by written agreement with the Designating Party or upon order of this Court after reasonable notice and a hearing at which the Designating and Receiving Parties shall have an opportunity to be heard.  No person receiving any material designated as Confidential or Highly Confidential shall disclose such material to any person other than those described above, and such disclosure shall be in accordance with the terms of this Protective Order.

10. This Protective Order shall not be construed to apply to information which:

    a. Is or becomes publicly known through no fault of the Receiving Party; or

b. The Receiving Party or its counsel has, subsequent to the date of receipt of the information from the Designating Party, lawfully obtained from a third party under no obligation to maintain the confidentiality of the information or independently developed.

11. No person(s) other than the individuals described in Paragraph 6who, as applicable, have executed the form of agreement annexed hereto as Appendix A shall be permitted to attend any deposition or hearing unless the Court shall order otherwise, during the disclosure of Restricted Material.  This provision shall not act as a bar to attendance at such proceedings during the disclosure of other information.  At trial, the parties will endeavor to minimize the disclosure of Restricted Material.

12. All depositions or portions of depositions taken in this Action that concern any testimony, documents, material, or information that a party in good faith designates as Confidential or Highly Confidential shall be afforded such protection.  All documents, material or information disclosed at a deposition shall be treated as Highly Confidential until seven (7) days after receipt of the final transcript, unless counsel for the parties agree to a different period of time.  During such period, any party may notify another in writing that designated portions of the transcript, specified by pages and lines thereof (or other manner sufficient to identify the portions thereof), are Confidential or Highly Confidential.  Any portions not so designated within the two (2) day period may be used without restriction under this Protective Order.

13. Upon good faith assertion by counsel for the Designating Party that a question or line of questions at a deposition, hearing, or trial is likely to result in the disclosure of Restricted Material, any person not entitled under Paragraphs 6 and/or 7 to access to Restricted Material shall leave the deposition, hearing or trial until the question or line of questions is completed, unless otherwise ordered by the Court.  The Restricted Material disclosed at the deposition,

hearing or trial shall not, directly or indirectly, in whole or in part, be disclosed or made available to any person, except those persons falling within categories defined at Paragraph 6 with respect to information designated as Confidential, and Paragraph 7 with respect to information designated as Highly Confidential.

14. In the event that any party, person, or entity otherwise bound by this Protective Order intends to file any Restricted Material in the public record, such material shall be filed in accordance with the Court's procedures for filing material under seal. The filing party will seek leave of the Court to file materials under seal and will notify Designating Party before and filing is made.

15. Within sixty (60) days after the conclusion of the Action and any appeals arising therefrom, all originals and copies of Restricted Material, other than material provided to the Court or Court personnel, shall be destroyed and a written statement certifying destruction shall be sent to opposing counsel. Except for Restricted Material included in counsel's work product that is securely stored, all extracts from Restricted Material, summaries, and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each Receiving Party and a certificate of destruction shall be provided by the Receiving Party within 60 days of the conclusion of the case. The conclusion of the Action shall not relieve any person who has received Confidential or Highly Confidential material pursuant to this Protective Order from the obligation to maintain the confidentiality of such material and the information contained therein.

16. If any documents, information, or testimony are designated as Confidential or Highly Confidential, but are not believed in good faith to be Confidential or Highly Confidential by any Receiving Party, that party shall notify the Designating Party, in writing, and request a

release of confidentiality. If such a release is not forthcoming within seven (7) days, the objecting party may apply to the Court for an order requiring the release of confidentiality.

17. If any party hereto contends that any document, material, or information treated as Confidential or Highly Confidential, or otherwise subject to this Protective Order, is not entitled to such protection, the document, material, or information will nevertheless be treated as designated by the Designating Party until the Receiving Party either obtains written permission from the party furnishing the document, material, or information to do otherwise, or obtains an order from the Court finding that the document, material, or information does not constitute Restricted Material. On any motion to the Court regarding a claim of confidentiality, the party seeking to assert the claim of confidentiality shall have the burden of proof and shall comply with the provisions of Paragraph 14 to file any Restricted Material under seal. The designation of a document, material, or information as Confidential or Highly Confidential shall not create any presumption with regard to the actual confidentiality of such document, material, or information. Nor shall it affect the burden of proof necessary for obtaining an appropriate order from the Court.

18. This Protective Order shall be without prejudice to the right of the parties to:

a. Bring before the Court at any time, subject to the notice requirement of Paragraph 16, the question of whether any particular document, material, or information is Restricted Material or whether its use should be restricted; or

b. Present a motion to the Court for a separate protective order, or other appropriate relief, as to any particular document, material, or information, including restrictions differing from those specified herein.

19. This Protective Order shall not be deemed a waiver of any party's right to:

      a.      Object to any discovery request on any ground;

      b.      Seek an order compelling discovery with respect to any discovery request;

or

      c.      Object to the admission of any evidence, on any grounds, in any proceeding.

20. Nothing in this Protective Order shall prevent a Designating Party from using its own documents or information, including documents or information designated Confidential or Highly Confidential pursuant to this Protective Order, as it deems appropriate in its sole discretion. However, the Parties acknowledge that their respective use of their own documents may affect or alter the documents' or information's qualification for protection under this Protective Order.

21. If Confidential or Highly Confidential documents, materials, or information designated in accordance with the procedures of this Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the counsel of record for the party whose Restricted Material was disclosed and, without prejudice to any other rights and remedies of the provider, make every effort to prevent further disclosure by it or by the person or entity who was the recipient of such documents, materials, or information.

22. The Court shall retain jurisdiction even after termination of the Action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate. The parties hereto may apply to the Court at any time, before or after termination, for an order modifying this

Protective Order or seeking further protection against discovery or use of Confidential or Highly Confidential documents, materials, or information.

23. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence.

24. The designation of documents, materials, and information as Confidential or Highly Confidential and/or Attorneys Eyes Only pursuant to this Protective Order shall not preclude any party from disclosing the information to any person who, in the case of a document, appears as the author or as a recipient thereof on the face of the document, or from disclosing the information to any person who has been identified by the Designating Party as having been previously provided with the document or the information therein.

25. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to a client with respect to the Action, and, in the course thereof, referring to or relying in a general way upon the attorney's examination of Restricted Material produced or exchanged hereunder.  Provided, however, that in rendering such advice and in otherwise communicating with their client, the attorney shall not disclose the contents or source of any Restricted Materials produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

26. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.  In the event the aggrieved party shall do so, the respondent person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy of law.

27. Notwithstanding any of the above, parties may make general references to Restricted Material in pleadings, motions, or briefs, provided that the substance of the Restricted Material is not revealed.

38. Notwithstanding any of the above, any motions filed pursuant to this Protective Order shall comply with applicable provisions of the Federal Rules of Civil Procedure and the Local Rules.

29. The parties agree to submit this Protective Order to the Court for the Court's approval, and further agree that, until this Protective Order is approved and entered by the Court, it shall be effective as between the parties as if so approved and entered.


IT IS SO ORDERED.


s/Mark R. Abel
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RETAIL SERVICE SYSTEMS, INC. | Case No. 2:13-cv-00994 |
| PLAINTIFF, | |
| v. | Judge George Smith |
| CAROLINA BEDDING DIRECT, LLC, *et al.*, | Magistrate Judge Mark Abel |
| DEFENDANTS. | |

**APPENDIX A**

I, _____, have read the foregoing Protective Order dated _____ _____, 2014 (the "Protective Order") in the above-captioned action and agree to be bound by its terms with respect to any documents, material, or information designated as "Confidential" and/or "Highly Confidential" (collectively, "Restricted Material") furnished to be as set forth in the Protective Order.

I further agree not to disclose to anyone any documents, material, or information designated as Restricted Material other than as set forth in the Protective Order.

I hereby consent to the jurisdiction of the United States District Court for the Southern District of Ohio, with regard to any proceedings to enforce the terms of the Protective Order.

I hereby agree that any documents, materials, or information designated as Restricted Material and furnished to me will be used by me only for the purposes permitted by the Protective Order and for no other purpose, including any business, commercial, professional, educational, personal, or any other purpose whatsoever, and will not be imparted by me to any other person except to the extent permitted under the Protective Order.

I further agree to return any and all documents, materials, or information designated as Restricted Material, together with all copies I may have made thereof, including any notes, memos, or the like I may have made that contain or reflect any such Restricted Material, to the attorney(s) that furnished me with any such documents, materials, or information (a) at the conclusion of the Action (as defined in the Protective Order); (b) at the conclusion of my engagement in connection with the Action; or (c) at the request of the attorneys who furnished me with such documents, materials, or information.

_____  _____
Signature                                                        Date