IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Retail Service Systems, Inc., :

        Plaintiff : Civil Action 2:13-cv-00994

v. : Judge Smith

Carolina Bedding Direct, LLC, *et al.*, : Magistrate Judge Abel

        Defendants :

**ORDER**

This matter is before the Magistrate Judge on plaintiff Retail Service Systems, Inc.'s ("RSS") March 17, 2014 motion to compel directed at Carolina Bedding (NC), Carolina Bedding (FL), Mattress by Appointment (EIN 46-xxx) and Mattress by Appointment (EIN 45-xxx) (doc. 41).

    **I.    Arguments of the Parties**

        **A.    Plaintiff RSS**

RSS is entitled to expedited discovery, and defendants were ordered to respond to plaintiff's discovery requests. Defendants were ordered to promptly produce documents that fall within the scope of the request that are undeniably relevant even if they object to a discovery request as over broad. Plaintiff argues that Carolina Bedding (NC) have not complied with the Court's order and that it has produced a total of 5 documents consisting of only 33 pages. Carolina Bedding (NC) acknowledges that

1

relevant documents exist but refuses to produce those documents due to alleged confidentiality concerns. Carolina Bedding has also refused to answer much of RSS's written discovery.

Plaintiff argues that Carolina Bedding (FL), Mattress by Appointment (EIN 46-xxx) and Mattress by Appointment (EIN 45-xxx) have refused to produce any responsive information at all claiming that they did not receive proper notice of the subpoenas. RSS maintains, however, these entities received notice before the subpoenas were mailed. Plaintiff also argues that there is no doubt that defendants actually received notice of the subpoenas.

RSS maintains that it attempted to meet and confer as required by Rule 37 of the Federal Rules of Civil Procedure. Defendants' steadfast refusal to compromise on their objections to plaintiff's discovery requests made further attempts futile. RSS maintains it tried to resolve the dispute, but defendants terminated the call and refused to discuss the matter further.

## B. Defendant Carolina Bedding Direct, LLC

Defendant Carolina Bedding Direct, LLC, a dissolved North Carolina limited liability company ("CBD Dissolved") maintains that it provided appropriate and timely response to RSS's discovery requests. CBD Dissolved maintains that plaintiff's discovery requests far exceed the "limited discovery" regarding RSS's alleged damages permitted by the Court. CBD Dissolved maintains that the majority of plaintiff's interrogatories and requests for production relate to non-parties. CBD Dissolved argues

2

that plaintiff did not attempt in good faith to resolve the discovery disputes extrajudicially. CBD Dissolved maintains that none of the arguments raised in RSS's motion to compel were communicated to it prior to the filing of the motion.

**III.     Discussion**

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . " Fed. R. Civ. P. 26(b)(1). Relevant information need not be itself admissible, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

**A.     Carolina Bedding Direct (NC) ("CBD Dissolved")**

<u>Requests for Production of Documents</u>. CBD Dissolved withheld documents designated as "highly confidential" pending confirmation from plaintiff as to its current and former owners. CBD Dissolved maintains that counsel for plaintiff are also part-owners of RSS. As a result, CBD Dissolved argues that it should not be required produce documents marked for attorney's eyes only. On at least three occasions, CBD Dissolved attempted to obtain confirmation concerning the ownership of RSS, but plaintiff failed to respond.

CBD Dissolved is not required to produce those documents it deems are highly confidential until the Court has resolved the issue concerning the ownership of RSS and whether the resolution of that issue requires disqualification of plaintiff's counsel.

Plaintiff further argues that the search terms identified by CBD Dissolved to conduct a search of email messages are unacceptable. It does not appear that the parties made a good faith effort to resolve issues regarding the search terms prior to the filing of plaintiff's motion to compel. Counsel are DIRECTED to consult with one another to identify search terms acceptable to both parties.

Interrogatory No. 3. Interrogatory No. 3 asks CBD Dissolved to identify the witnesses it intended to call at the hearing originally scheduled for February 20. CBD Dissolved objects on the basis that the interrogatory calls for attorney work product information. I note, however, that CBD Dissolved asked RSS to identify the witnesses that RSS intended to call as well. CBD Dissolved argues that RSS has failed to identify the purported trade secrets at issue, how defendant allegedly misappropriated them, or what method plaintiff intends to utilize to calculate its damages and that without this information, defendant is unable to identify who it would call as a witness at the hearing. Defendant is DIRECTED to supplement its response to this interrogatory when it determines who its witnesses will be but, in any event, no later than 14 days before the hearing on the motion for default judgment.

Interrogatory No. 5. Interrogatory No. 5 seeks the identity of the states and locations for each retail store as well as the owner and first date of operation for Carolina Bedding (NC), Carolina Bedding (FL), and Mattress by Appointment. CBD Dissolved maintains that the interrogatory is overly broad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence because it is

unlimited by date or territory in which RSS transacts business. CBD Dissolved also maintains that it seeks information not in its possessions or pertains to non-parties or other parties to this case.

CBD Dissolved responded only that Darren Conrad "was the sole member" and that the company operated out of Charlotte, North Carolina. CBD Dissolved is DIRECTED to respond to this interrogatory with respect to itself without limitations identifying each retail store, the owner of each, and the date of first operation. To the extent that CBD Dissolved can respond to this question with respect to the other entities, it is ordered do so.

Interrogatory No. 9. Interrogatory No. 9 seeks information regarding any information concerning "any arrangement under which Carolina Bedding (NC)'s licensed dealers became Carolina Bedding (FL)'s licensed dealers." CBD Dissolved states that this information is best sought from Carolina Bedding (FL).

In a March 13, 2014 letter from CBD Dissolved's counsel, defendant stated that dealers who decided to join the Florida entity were required to sign an agreement entering into a relationship with that entity. Here, plaintiff seeks information from Darren Conrad in his role as a member of the Florida entity. This interrogatory should either be directed toward Mr. Conrad or Carolina Bedding (FL). However if CBD Dissolved has the information, it is ORDERED to produce it.

Interrogatory No. 12. Interrogatory No. 12 asks CBD Dissolved to identify each document it provided to new and/or potential dealers. CBD Dissolved stated that the information would be provided upon execution of a protective order.

CBD Dissolved has not provided the information based on its confidentiality concerns despite the existence of a protective order. CBD Dissolved maintains that counsel for RSS has an ownership interest in RSS and that it should not have disclose confidential business information to a competitor.

CBD Dissolved is DIRECTED to identify or produce all documents it provided to new and/or potential dealers. If a document is designated, "highly confidential" as that term is defined in the protective order, CBD Dissolved will not be required to produce the document until questions about whether plaintiff's counsel has an ownership interest in RSS is resolved. The withheld documents must be identified and a description given. Simply identifying the documents will not result in the disclosure of confidential business information.

Interrogatory No. 13. Interrogatory No. 13 seeks information regarding Carolina Bedding (NC)'s relationship to Carolina Bedding (FL) and asks it to identify shared employees, directors, ownership interests, shareholders, locations, accounts, vendors, licenses, and any other common interests. CBD Dissolved maintains that the interrogatory is vague and ambiguous because the meaning of "relationship" is not reasonably identified. CBD Dissolved also maintains that the interrogatory calls for the disclosure of confidential business information to a competitor, seeks information not in

6

its possession, and relates to a nonparty that did not come into existence until after defendant dissolved.

RSS argues that the term "relationship" is easily understood. RSS maintains that the objection based on confidentiality concerns lacks merit because the Court has issued a protective order. CBD Dissolved's reference to information not in its possession is only partially relevant, because it must disclose information in its custody or control. RSS also maintains that CBD Dissolved must disclose responsive information regardless of when it learned of the information.

CBD Dissolved is DIRECTED to identify any knowledge it has concerning shared employees, directors, ownership interests, shareholders, locations, accounts, vendors, licenses, and any other common interests with Carolina Bedding Direct (FL).

Interrogatory No. 14. Interrogatory No. 4 seeks the identity of all companies or corporate entities that sold mattresses at any time between 2004 to the present from which Darren Conrad received benefits. CBD Dissolved objects on the basis that the interrogatory is not limited to the territory in which RSS transacts business and encompasses time periods in which CBD Dissolved did not exist and is beyond the statutory limitation period. CBD Dissolved also maintains that it seeks confidential financial information of a non-party.

CBD Dissolved is DIRECTED to respond this interrogatory as it relates to Darren Conrad in his role at CBD Dissolved.

Interrogatory No. 15. This interrogatory seeks the identification of all business relationships that existed between Darren Conrad and Mark Henderson from 2004 to the present. CBD Dissolved objects because this interrogatory seeks information regarding the relationship between two non-parties, which is not in its possession. The information it seeks is not limited to the territory in which RSS transacts business and encompasses time periods in which CBD Dissolved did not exist and is beyond the statutory limitation period. CBD Dissolved states, however, that from October 2011 through April 2012 no business relationship existed between Darren Conrad and Mark Henderson.

RSS argues that CBD Dissolved's only source for information is Darren Conrad, and he would have information regarding this request. RSS also argues that the fact that defendant was dissolved does not limit the scope of its knowledge or the relevance of that knowledge. RSS contends that business relationships between Henderson and Conrad may show legally relevant relationships between the defendants in this case, all of which were started by Conrad, and potential damages evidence.

RSS's motion is DENIED with respect to Interrogatory No. 15 given that RSS has failed to demonstrate that CBD Dissolved had records concerning or was otherwise informed about any relationship that might have existed between Conrad and Henderson. Information solely in the possession of an officer or shareholder must be obtained from that individual because it is not information in the possession of the entity. In this case, the proper source for this information is Mr. Conrad.

Interrogatory No. 17. Interrogatory No. 17 asks CBD Dissolved to identify the last date it conducted business in North Carolina. CBD Dissolved stated that it was dissolved effective April 6, 2012. Plaintiff maintains, however, that this response does not actually answer its question. RSS believes that CBD Dissolved continued to conduct business in North Carolina after the company was formally dissolved.

In counsel's March 13, 2014 letter, CBD Dissolved confirmed that the last date it did business in North Carolina was April 6, 2012. RSS's motion is DENIED with respect to this interrogatory.

Interrogatory No. 18. Interrogatory No. 18 asks CBD Dissolved to identify the last date it conducted business in Ohio. In response, CBD Dissolved stated that it did not operate in Ohio. This responses was updated with a statement that some of its dealers did business in Ohio, but it did not conduct business in Ohio.

In counsel's March 13, 2014 letter, CBD Dissolved confirmed that it never operated in Ohio. RSS's motion is DENIED with respect to this interrogatory.

Request for Admission No. 1. Request for Admission No. 1 asks CBD Dissolved to admit that it was served with summons and complaint in this matter. CBD Dissolved denied the request on the basis that the complaint did not clearly identify it as a defendant. Plaintiff's motion is DENIED with respect to this admission. CBD Dissolved asserts that it was not served.

Requests for Admissions Nos. 2 through 12. These requests ask CBD Dissolved to admit various facts regarding Exhibits 1 through 6 to RSS's discovery requests.

9

Defendant denied each request based on two objections: (1) that the request used the possessive without indicating whether it seeks an admission of authorship, issuance, custody, control, possession, or something else and (2) that the exhibit appears to have been created by plaintiff for use in this lawsuit.

CBD Dissolved maintains that the requests for admissions are vague, ambiguous, confusing, and calls for speculation. This argument is without merit. The documents attached as exhibits either are true and accurate copies of the documents used by CBD Dissolved or they are not. As a result, CBD Dissolved's responses are interpreted as follows. CBD Dissolved denied that Exhibit 1 attached to the requests for admissions was true and accurate copy of its "Playbook." It also denied providing Exhibit 1 to its dealers. CBD Dissolved admits that Exhibit 2 is similar to its new dealer checklist, but it denies that it's a true and accurate copy. CBD Dissolved admits that its dealers received electronic access to a similar document to Exhibit 2, but the exhibit is not a true and accurate copy of such document. CBD Dissolved denies that Exhibit 3 is a true and accurate copy of its Territory Agreement and that its dealers were not required to sign Exhibit 3. Exhibit 4 is not a true and accurate copy of CBD Dissolved's online ordering form. Exhibit 5 is not a true and accurate copy of CBD Dissolved's Phone Approach. Exhibit 5 was not provided to CBD Dissolved's dealers. Exhibit 6 was not provided presented at CBD Dissolved's 2010 Dealer Meeting. Exhibit 6 was not provided to CBD Dissolved's dealers.

CBD Dissolved is reminded that Rule 36(a)(4) provides, in relevant part: "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter . . . ." To the extent that CBD Dissolved states that it had a similar document to one identified in an admission, the Court understand this statement to mean that the exhibit was not an identical copy of the document CBD Dissolved used. Absent clarification by CBD Dissolved, it will be held to this interpretation of its responses.

**B.  Subpoenas Directed to Non-Parties Carolina Bedding (FL), Mattress by Appointment (EIN 45-xxx) and Mattress by Appointment (EIN 46-xxx)**

Rule 45(d)(2)(B)(I) of the Federal Rules of Civil Procedure states, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Plaintiff's motion with respect to non-parties Carolina Bedding (FL), Mattress by Appointment (EIN 45-xxx) and Mattress by Appointment (EIN 46-xxx) should have been filed in the district court where compliance was required. As a result, plaintiff's motion to compel is DENIED with respect to non-parties Carolina Bedding (FL), Mattress by Appointment (EIN 45-xxx) and Mattress by Appointment (EIN 46-xxx).

My February 20, 2014 Scheduling Conference Order stated:

Plaintiff's counsel has served a Rule 45 subpoena on defendants, but defendants have responded that the subpoenas did not comply with the

> procedural requirements of the rule, are over broad, and seek irrelevant information. If plaintiff believes the subpoena is enforceable, it should promptly file a motion to compel. Any memorandum in opposition must be filed within 14 days and any reply brief within 7 days. Once briefing is underway, counsel should call my office (614.719.3370) to obtain a date and time for oral argument on the motion.

Doc. 29. This instruction did not comply with Rule 45, and non-parties Carolina Bedding (FL), Mattress by Appointment (EIN 45-xxx) and Mattress by Appointment (EIN 46-xxx) did not waive the right to have this decided by the district court where compliance is required by failing to object to this Order.

### IV. Conclusion

For the reasons stated above, plaintiff Retail Service Systems, Inc.'s ("RSS") March 17, 2014 motion to compel directed at Carolina Bedding (NC), Carolina Bedding (FL), Mattress by Appointment (EIN 46-xxx) and Mattress by Appointment (EIN 45-xxx) (doc. 41) is GRANTED in part.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge
