IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Retail Service Systems, Inc., | : | |
| Plaintiff | : | Civil Action 2:13-cv-00994 |
| v. | : | Judge Smith |
| Carolina Bedding Direct, LLC, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

This matter is before the Magistrate Judge on defendant Carolina Bedding Direct. LLC's ("CBD Dissolved") March 27, 2014 motion to compel Retail Service Systems, Inc. ("RSS") to provide complete responses to discovery requests (doc. 43).

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . " Fed. R. Civ. P. 26(b)(1). Relevant information need not be itself admissible, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

RSS states that it has produced more than 1,700 pages of documents and argues that the discovery CBD Dissolved seeks is well beyond that relevant to a default judgment hearing. While I agree that CBD Dissolved is not entitled to full-bore

1

discovery, it does have the right to test whether RSS's *prima facie* case of liability can withstand informed scrutiny.

CBD Dissolved maintains that RSS asserted a blanket objection to providing a privilege log even though it raised privilege or protection in at least 22 of discovery responses. RSS responds that it has not objected to producing a privilege log; it simply objected to scope of such log as contemplated by the definitions sections. RSS is DIRECTED to provide a privilege log describing all documents it withheld based on privilege or work product.

RSS also contends that the discovery requests seek information regarding Power Marketing Direct ("PMD") that are outside the scope of RSS's knowledge. CBD Dissolved argues that this case is entirely based on the PMD's purported development and protection of trade secrets and that without PMD, RSS has no case. CBD Dissolved contends that RSS cannot rely on PMD to establish its claim and then refuse to provide relevant and responsive information because it is regarding PMD. To the extent that RSS has responsive information in its possession or under its control regarding PMD, RSS is ORDERED to produce it.

In its responses, RSS asserted that many documents had already been produced, but CBD Dissolved maintains that at the time RSS made this assertion, no documents had been produced. CBD Dissolved seeks an order requiring RSS to produce the documents it mistakenly stated it had previously produced. RSS maintains that it has in fact already produced over 1000 pages of documents that it received from third parties.

CBD Dissolved maintains that many of the requests for documents which were objected to on this basis seek documents that could not be obtained from third parties such as expert reports RSS intends to use or agreements or contracts RSS or PMD entered into with their employees. Plaintiff is DIRECTED to indicate, as is required by Rule 34(b)(2)(E)(I), Fed. R. Civ. P. ("[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."), which previously produced documents are responsive to which individual discovery requests.

Interrogatory No. 2. Interrogatory No. 2 asks RSS to identify each witness it intends to call at the hearing and the subject matter of the witness's expected testimony. CBD Dissolved requests an order compelling RSS to provide identifying information with respect to all 117 witness and a specific description of the expected testimony of the 82 witnesses who will testify regarding, but not limited to either Carolina Bedding Direct ("CBD"), Mattress by Appointment ("MBA"), other related entities or other related topics. CBD Dissolved maintains that the absence of a description of their expected testimony deprives it of any meaningful ability to prepare a defense for the upcoming hearing.

As a preliminary matter, I note that the interrogatory does not specifically ask for identifying information such as a phone number or address. However, RSS is DIRECTED to provide such identifying information. RSS is also DIRECTED to describe the assets held by Jennifer Z. Boutselis. When RSS has finalized its list of witnesses, but

not later than 14 days before the hearing on the motion for default judgment, it is DIRECTED to provide a brief description of each individual's expected testimony.

<u>Interrogatory No. 6</u>. Interrogatory No. 6 asks RSS to identify all employers, dealers, franchisees, or contractors of PMD and RSS with whom PMD or RSS has shared its business materials and methodologies.

RSS maintains that the term "shared" is ambiguous because its licensees and franchisees purchase the information at issue and are thus licensed to use certain information. RSS also maintains that the request is overbroad and unduly burdensome because it seeks a list of all licensees and franchisees of PMD when PMD is not a party to this litigation. RSS acquired some of the assets of PMD, but the information should be obtained from PMD.

RSS further argues that CBD Dissolved is precluded from arguing that RSS failed to protect its trade secrets at least before 2009 because Darren Conrad litigated this claim in the Franklin County Court of Common Pleas and lost. As a result of issue preclusion, Conrad cannot re-litigate this issue through CBD Dissolved, a company he wholly owns and of which he is the sole employee.

RSS is DIRECTED to respond to this interrogatory to the extent that it has knowledge of the employers, dealers, franchisees, or contractors of PMD, in addition to the employers, dealers, franchisees, or contractors of RSS, who licensed or otherwise were provided the information at issue.

4

Interrogatory No. 7. This interrogatory seeks information concerning each and every instance in which PMD or RSS has alleged a misappropriation of trade secrets or sought to enforce a restrictive covenant. CBD Dissolved argues that plaintiff improperly limited its identification of cases to those with a favorable result to PMD. Plaintiff is DIRECTED to supplement its response and identify all cases that it has knowledge of in which RSS or PMD alleged a misappropriation of trade secrets or sought enforcement of a restrictive covenant, not simply those cases that resulted in a favorable outcome for RSS or PMD.

Interrogatory No. 8. Interrogatory No. 8 seeks information concerning every instance in which PMD has not enforced or sought to enforce a restrictive covenant in an agreement against an employee who left PMD to work for a competitor.

If RSS has knowledge of any PMD employees who left PMD to work for a competitor and PMD did not seek enforcement of a restrictive covenant, then RSS is DIRECTED to identify those former employees.

Interrogatory No. 9. Interrogatory No. 9 seeks a list of RSS's current dealers or franchisees. CBD Dissolved maintains that no documents have been produced that identify RSS franchisees. Plaintiff is DIRECTED to provide a list of RSS franchisees.

Interrogatory No. 12. Interrogatory No. 12 asks plaintiff to identify with specificity each and every trade secret and business methodology of PMD alleged in paragraph 38 of the complaint that constitutes a trade secret that defendants have allegedly obtained or used in violation of the Ohio Trade Secrets Act.

Plaintiff identified documents that it would produce in lieu of answering the interrogatory. CBD Dissolved maintains that it has not been able to obtain the materials itself because they are designated as confidential and that plaintiff has not yet provided those documents; plaintiff is DIRECTED assist CBD Dissolved in obtaining these documents from the court reporter.

Interrogatory No. 14. Interrogatory No. 14 seeks the methodology for RSS's damages calculation. In response, plaintiff states it relies on Carolina Bedding Direct's representations that its retail sales exceed $10 million per year as the basis for RSS's assertion that its damages amount to tens of millions of dollars. Defendant's motion to compel is DENIED as to Interrogatory No. 14.

Interrogatory No. 15. Interrogatory No. 15 asks RSS to identify the states in which its registered or licensed to do business. CBD Dissolved clarified this request and asked RSS to identify the states in which RSS is doing business. RSS is DIRECTED to identify the states in which it is doing business.

Interrogatory No. 16. Interrogatory No. 16 seeks the mean and medial gross annual sales for all PMD dealers and/or franchisees for each year since 2000. To the extent that RSS has possession or control over this information, it is DIRECTED to provide it.

Request for Production No. 5. Request No. 5 seeks all documents related to allegations contained the complaint. Dissolved CBD maintains this request seeks the asset purchase agreement, separation agreement, and license agreement. RSS maintains

6

that it does not have the license agreement or the separation agreement, but it will produce them if it obtains the documents through its third party discovery. Dissolved CBD also seeks an order compelling the production of any documents concerning the value of the assets transferred to RSS by PMD under the agreement. CBD Dissolved's requests seeks "[a]ll documents and ESI relating in any way to the allegations in the Plaintiff's complaint." CBD Dissolved is permitted to serve discovery requests seeking the information described in its motion to compel, but Request No. 5 is not specific enough to alert RSS that these documents were included in those sought by the request.

<u>Request for Production No. 18</u>. Request No. 18 seeks all correspondence or communications between Carlton Scott Andrews and his attorneys and Darren Conrad from January 1, 2003 through the present. Plaintiff responded that it would produce any responsive documents in its possession. Defendant's motion is DENIED as to Request No. 18.

<u>Request for Production No. 22</u>. Request No. 22 seeks the production of transcripts, deposition transcripts, affidavits, declarations or other sworn testimony of Carlton Scott Andrew, Jerry Williams, and George Varn regarding PMD, RSS or Darren Conrad or offered in *Carleton Scott Andrew v. PMD* or *Associated Licensees of PMD v. Power Marketing Direct, LLC, et al.*

If RSS intends to rely on these documents at the default judgment hearing, RSS is DIRECTED to produce them or assist CBD Dissolved in obtaining them from the court reporter.

7

Request for Production No. 28. This request seeks all documents constituting, reflecting or evidencing the schematic, fields, form, code and images for the RSS website and/or web portal since its formation. CBD Dissolved argues that this information is relevant to prove the commercial value of the alleged trade secrets and to prove that RSS has failed to protect the purported trade secrets. CBD Dissolved also argues that this information is relevant to the allegations that CBD misappropriated trade secrets, the purported similarities between the two business models, and the alleged damages of RSS.

CBD Dissolved maintains that only documents produced concerning its trade secrets consist of a set of training materials. CBD Dissolved asks that RSS be precluded from using responsive materials that it failed to produce at the hearing. Plaintiff's request to preclude RSS from using responsive documents that it failed to produce at the hearing is GRANTED.

Interrogatory No. 11. Interrogatory No. 11 seeks the identify of each and every current and former owner of RSS and each owner's ownership interest. RSS maintains that this information is irrelevant. RSS is DIRECTED to identify the current and former owners of RSS and their ownership interest.

Conclusion. Defendant Carolina Bedding Direct. LLC's March 27, 2014 motion to compel Retail Service Systems, Inc. to provide complete responses to discovery requests (doc. 43) is GRANTED in part. RSS is DIRECTED to supplement its responses and provide a privilege log within fourteen (14) days of the date of this Order.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>
United States Magistrate Judge