IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Retail Service Systems, Inc., | : | |
| Plaintiff | : | Civil Action 2:13-cv-00994 |
| v. | : | Judge Smith |
| Carolina Bedding Direct, LLC, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

This matter is before the Magistrate Judge on defendant Carolina Bedding Direct LLC's ("CBD Dissolved") April 18, 2014 motion to allow limited expedited discovery regarding whether plaintiff's counsel has an ownership interest in plaintiff (doc. 60).

Arguments of the Parties. CBD Dissolved maintains that the president of Retail Service Systems, Inc. ("RSS") threatened to "drop a bomb on" defendant because his lawyers are not charging him for their services but, rather, are acting to maximize their personal interests as 20% owners of RSS. CBD Dissolved maintains that RSS has refused to identify its owners in response to a routine interrogatory and plaintiff's lawyers have refused to state whether they have an ownership interest in RSS. CBD Dissolved seeks an order permitting it to conduct expedited discovery to determine whether plaintiffs' counsel has an impermissible personal proprietary interest in the case. According to

1

CBD Dissolved, plaintiff's counsel took a twenty percent equity stake in RSS in exchange for representing RSS free of charge.

According to CBD Dissolved, the relevant background is as follows. In 2008, Carleton Scott Andrew sued Power Marketing Direct Inc. ("PMD") alleging that PMD's business methods amounted to a fraudulent bait and switch. Andrew alleged that PMD had misrepresented facts and overstated the success of its business methods in an effort to induce him to invest in a franchise. Andrew also alleged that PMD had failed to ensure that its business methodology was not copied by competitors. Andrew prevailed in his fraud case against PMD and obtained a judgment against PMD. Andrew resolved his judgment against PMD by having assets of PMD transferred to him through a June 12, 2013 asset purchase agreement. The assets were transferred from PMD to plaintiff RSS. RSS's sole assets appear to be assets transferred from PMD, specifically any trade secrets of PMD.

On May 22, 2013, RSS was formed as an Ohio corporation. In June 2013, Shawn Organ, counsel for RSS, formed OC Retail Services, LLC ("OC Retail Services"), a limited liability company owned jointly by RSS's counsel in this matter, Shawn Organ and Doug Cole. CBD Dissolved maintains that through this limited liability company, RSS's counsel hold a twenty percent ownership interest in RSS. CBD Dissolved argues that OC Retail Services was created to hide counsel's ownership of RSS.

CBD Dissolved maintains that RSS has refused to disclose its owners and it has been less than candid with the Court. CBD Dissolved maintains that although Organ

and Cole may not personally own RSS stock, it appears that they own 100% of a business entity, which in turn owns twenty percent of RSS. Plaintiff has refused to answer a routine interrogatory and respond to a request for admission concerning this issue.

CBD Dissolved argues that the Ohio Rules of Professional Conduct prohibit plaintiff's counsel from owning a proprietary interest in the subject matter of the litigation. CBD Dissolved maintains that counsel's proprietary interest in RSS has already impacted this litigation. On several occasions, the Court has questioned why RSS is pursuing such an aggressive, yet inefficient, litigation strategy. CBD Dissolved also maintains that it is apparent that RSS is targeting individuals and entities who have not been named in the complaint or served. CBD Dissolved further argues that the existence of the attorneys' eyes only protective order also favors disqualification if the plaintiff's attorneys are owners of RSS.

In response, RSS argues that CBD Dissolved has failed to provide any basis for disqualifying RSS's counsel. Although CBD Dissolved drafted the protective order, it refused to provide any attorneys' eyes only documents claiming that the protective order did not provide adequate protection. During a telephone conversation with the Magistrate Judge, RSS's counsel assured CBD Dissolved and the judge that they were not RSS shareholders and that they would not violate the attorneys' eyes only designation in the protective order. Although the Magistrate Judge accepted counsel's representation and stated that the documents should be produced subject to the

protective order, CBD Dissolved has refused to produce the documents. Instead, CBD Dissolved served RSS with requests for admissions seeking further information about the finances and legal arrangements of RSS's counsel. The requests for admission asked whether Organ and Cole or their law firm were current or former owners or shareholders of a number of different entities and whether those entities were current or former shareholders or RSS.

      RSS argues that CBD Dissolved has ignored the relevant legal test for taking discovery from opposing counsel. RSS maintains discovery from opposing counsel is limited to where the party seeking to take the discovery has shown that no other means exist to obtain the information; the information sought is relevant and nonprivileged; and the information is crucial to the preparation of the case. RSS maintains that the information CBD Dissolved seeks is not relevant to this action. RSS submitted the declaration of Carleton Scott Andrew, RSS's founder, President and Board Chair, which states that he and Jerry Williams are the only two shareholders of RSS. Any further inquiry into counsel's personal finances must be shown to be relevant to this case. CBD Dissolved hopes to show that counsel's representation violates Ohio Rule of Professional Conduct 1.8, which prohibits lawyers, with certain exceptions, from having a proprietary interest in the cause of action of subject matter of the litigation. RSS maintains, however, that even if the Court assumes that a 20% interest is held, CBD Dissolved has not show that such a relationship would constitute a proprietary relationship. RSS points to the comments to Rule 1.5, which permit a lawyer to accept

property in payment for services, such as an ownership interest in an enterprise, providing that it does not involve acquisition of a proprietary interest in the cause of action or subject matter of the litigation contrary to Rule 1.8(I). RSS also argues that a motion to disqualify counsel has a high burden where there is no serious question as to the counsel's ability to act as a zealous and effective advocate.

With respect to attorneys' eyes only documents, RSS argues its counsel is still entitled to receiving the documents based on the protective order as drafted by CBD Dissolved. RSS maintains that even if its counsel were a part-owner of RSS, counsel would still be subject to the protective order's restrictions on the use of confidential material, including the requirement that such material "shall be used solely for the purposes of prosecuting or defendant the Action" and "may not be used for any business or commercial purpose, or for any other ligations, administrative proceedings, or dispute resolution procedures," except by court order or written agreement of the parties. Doc. 37 at PageID# 617.

In the alternative, RSS maintains that a *in camera* review would resolve any concerns that the Court might have.

In its reply, CBD Dissolved argues that it is not seeking discovery from RSS's counsel; it is seeking discovery from RSS. An inquiry into counsel's financial files would only be necessary if counsel in fact has a financial interest in RSS. According to CBD Dissolved, the affidavit RSS provided raises more questions than it answers. Although Scott Andrew denies having any knowledge as to entities that may or may not have an

5

ownership interest in OC Retail Services, he does not say whether OC Retail Services has an interest in RSS. For the first time, Scott Andrew claims that he and Jerry Williams are the only current shareholders of RSS, but he is silent as to whether counsel, or one of their LLCs, are former shareholders of RSS. Andrew does not say anything indicating that counsel have no financial interest in RSS or that they otherwise have no stake in the outcome of this litigation.

CBD Dissolved believes that discovery will reveal more than the contingency arrangement stated by Scott Andrew, but even a 20% contingency fee arrangement under the circumstances of this case might require disqualification. Any recover in this case or as a result of counsel's collection efforts will effectively comprise RSS's entire pool of assets. CBD Dissolved argues that if counsel is entitled to 20% of RSS's entire pool of assets, whether by contingency fee or ownership arrangement, counsel has a prohibited proprietary interest in this case compelling disqualification.

CBD Dissolved contends that despite RSS's attempts to downplay its counsel's ownership interest by claiming that the protective order allows counsel to access highly confidential information regardless of their status as owners, CBD Dissolved clearly did not intend that counsel, who also happens to be RSS, could access its highly confidential business materials. Courts have disqualified attorneys on that very basis.

CBD Dissolved maintains that once discovery confirms that counsel possesses an impermissible proprietary interest in RSS, it will promptly file a motion to disqualify. CBD Dissolved requests to take the deposition of RSS and of OC Retail Services, LLC

and to serve no more than four interrogatories, six document requests, eight requests for admission, and one nonparty subpoena directed at OC Retail Services . Specifically CBD Dissolved seeks information concerning the following areas:

- The identities of RSS's current and former owners;

- The ownership interests of RSS's current and former owners;

- Whether RSS's counsel (or any of the LLCs) possesses (or ever possessed) a direct or indirect ownership interest in RSS, and if so, at what percentage; and,

- Whether the statements contained in Scott Andrew's affidavit are completely and fully true, and whether they are supported by his personal knowledge.

<u>Discussion</u>. CBD Dissolved submitted the affidavit of Mr. Conrad, which stated:

3. Mr. Andrew explained to me that RSS did not have to pay any legal fees in litigation because its attorneys, Shawn Organ and Doug Cole owned at least a twenty percent interest in RSS. Mr. Andrew told me that Mr. Organ and Mr. Cole will benefit personally through their ownership interest in anything obtained through litigation. Accordingly, they are not charging RSS attorneys fees for their work as counsel.

4. Mr. Andrew told me that Mr. Organ and Mr. Cole held their ownership interests in RSS, Inc. through a limited liability company that they each own 50% of. I had recalled Mr. Andrew telling me that the LLC was called "RC Retail Services," but based on my review of Articles of Organization filed with the Ohio Secretary of State, I understand that Mr. Organ in fact formed "OC Retail Services, LLC" in June 2013.

Conrad Decl., ¶ 1, Doc. 60-5, ¶¶ 3 and 4, PageID 1976-77. Mr. Andrew submitted a declaration disputing Mr. Conrad's statement. It is not possible for me to determine whose statement more accurately depicts the substance of their conversation. RSS's refusal to respond to CBD Dissolved's initial inquiries, however, did not help matters.

7

Although RSS argues that CBD Dissolved is attempting to take discovery from opposing counsel, the discovery is directed to RSS and its principals, not to RSS's counsel. The responses to the discovery requests will include information about RSS's counsel only if they, directly or indirectly, have or had at any time while this lawsuit has been pending a financial interest in RSS.

Accordingly, CBD Dissolved's motion to conduct limited discovery is GRANTED in part. RSS is DIRECTED to respond to CBD Dissolved's second set of requests for admission previously served on plaintiff within fourteen (14) days of the date of this Order. Once CBD Dissolved reviews RSS's responses, it may renew its request for additional discovery if it believes it is warranted.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>
United States Magistrate Judge