IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Retail Service Systems, Inc., | : | |
| Plaintiff | : | Civil Action 2:13-cv-00994 |
| v. | : | Judge Smith |
| Carolina Bedding Direct, LLC, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

This matter is before the Magistrate Judge on plaintiff Retail Service Systems, Inc.'s November 21, 2013 motion for default judgment against Carolina Bedding Direct, LLC (doc. 10) and January 27, 2014 motion for default judgment against Mattress By Appointment, LLC (doc. 17); and the February 17, 2014 motion of defendant Carolina Bedding Direct, LLC, a dissolved North Carolina limited liability company ("CBD Dissolved") to set aside entry of default, to deny motion for default judgment and for leave to move or plead in response to the complaint (doc. 27).

**Allegations in the Complaint**. The complaint makes the following allegations. Plaintiff Retail Service Systems, Inc. ("RSS") brings this action against defendants Carolina Bedding Direct, LLC ("Carolina Bedding") and Mattress By Appointment, LLC ("MBA") for violations of Ohio's Uniform Trade Secrets Act, Ohio Rev. Code § 1333.61 *et seq*. and for civil conspiracy. Carolina Bedding and MBA are owned and operated by

1

Darren B. Conrad and are referred to as "the Conrad Entities."Compl. ¶ 1. Conrad was formerly a bedding and furniture dealer as a licensee of Power Marketing Direct, Inc. ("PMD"). On June 12, 2013, PMD sold the majority of its assets to RSS. *Id.* at ¶ 2. The complaint alleges that defendants Carolina Bedding and MBA–the Conrad Entities–are using the trade secrets and materials derived from proprietary information obtained from PMD and now owned by RSS. RSS seeks to enjoin the ongoing violations and obtain damages resulting from the violations.

Paragraph 6 of the complaint states:

Defendant Carolina Bedding Direct, LLC ("Carolina Bedding") represents in filings with the Ohio Secretary of State that it is a foreign limited liability company located in North Carolina, however, Carolina Bedding's filings with the North Carolina Secretary of State reflect that the company has dissolved as of October 18, 2011. Upon information and belief, as well as the records of the Florida Secretary State, Carolina Bedding has filed as a Florida limited liability company with its principal address at 377 8th Street, Atlantic Beach, Florida (as of July 5, 2013) and its mailing address at 320 1st Street North, Suite 904, Jacksonville Beach, Florida with a registered agent of "Darren B. Conrad" at the same location. Under all scenarios, Carolina Bedding is a foreign corporation doing business in the State of Ohio.

Doc. 1 at PageID# 3

From early 2000 to April 2003, Darren Conrad was first an assistant to PMD's president and, later, a PMD dealer, manager, and dealer trainer. *Id.*, ¶ 13. When he left PMD in April 2003, Conrad signed a 3-year non-compete. *Id.*, ¶ 15. Nonetheless, he went into business in competition with PMD, using PMD's confidential materials to train his dealers. *Id.*, ¶¶ 18-20. In February 2004, PMD sued Conrad in the Franklin

County Common Pleas Court for breach of a license agreement and separation agreement. *Id.*, ¶ 22. The Common Pleas Court issued a preliminary injunction and, later, a permanent injunction. *Id.*, ¶¶ 23 and 32-34. The judge found that Conrad violated the non-compete and the Uniform Trade Secrets Act. *Id.*, ¶¶ 32-23. The non-compete was extended an additional 15 months from the date of the 2009 judgment. *Id.*, ¶ 35. During the course of that litigation and after, Conrad continued to operate his businesses in violation of the injunctions and final judgment. *Id.*, ¶¶ 27 and 37.

**Discussion.** An entry of default may be set aside for "good cause shown." Fed. R. Civ. P. 55(c); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). Trials on the merits are favored. *Berthelsen*, 907 F.2d at 620; *United Coin Meter v. Seaboard Coastline Railroad*, 705 F.2d 839 (6th Cir. 1983). Three factors are to be considered: whether plaintiff will be prejudiced if the case is reopened, whether defendant asserts a meritorious defense, and whether defendant's culpable conduct led to the default. *United Coin Meter*, 705 F.2d at 845; *Berthelsen*, 907 F.2d at 620.

The delay caused by a defendant's failure to promptly answer will not alone demonstrate that plaintiffs would be prejudiced by reopening the case. *Id*. Prejudice may be shown by a loss of evidence, increased difficulties conducting discovery, greater opportunities for fraud and collusion, and the like. *Id*. "In determining whether a defaulted defendant has a meritorious defense [l]ikelihood of success is not the measure. . . . [r]ather, if *any* defense relied upon states a defense good at law, then a

meritorious defense has been advanced." *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398-99 (6th Cir. 1987)(internal citations omitted).

The burden for setting aside an entry of default is a lesser one than for setting aside a default judgment. Further, "'the district court enjoys considerable latitude under the "good cause shown standard' of Rule 55(c) to grant a defendant relief from a default entry.' *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see also Manufacturers' Indus. Relations Ass'n. v. East Akron Casting Co.*, 58 F.3d 204, 208 (6th Cir. 1995)(recognizing that motions to set aside default entries, as opposed to default judgments, are to be granted more liberally)." *United States of America v. Real Property and All Furnishings Known As Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999).

<u>CBD Dissolved: Arguments</u>. CBD Dissolved argues that the complaint describes two defendants, which are both active Florida LLCs. According to CBD Dissolved, plaintiff never identified three defendants or alleged or pleaded successor or alter ego theories of liability as to any defendants. CBD Dissolved maintains that plaintiff named only two defendants in this action, Mattress by Appointment, LLC and Carolina Bedding Direct, LLC, both of which are Florida limited liability corporations. When CBD Dissolved received the summons and complaint, it maintains it had no reason to believe it was a named defendant. Defendant maintains that it was not aware that plaintiff was asserting that there were three defendants–Mattress by Appointment, Carolina Bedding and CBD Dissolved–until the February 7, 2014 conference.

4

Defendants also maintains that RSS asserted a new "successor liability" claim and theory not alleged in the complaint.

Here, RSS has not shown that it will be prejudiced by the loss of evidence or increased difficulties conducting discovery. Rather, discovery thus far has been complicated by the manner in which RSS has prosecuted this action. Darren Conrad, who is not a party to this action, has been identified as the Rule 30(b)(6) representative of CBD Dissolved. In seeking discovery from CBD Dissolved, RSS sought discovery from Conrad in his personal capacity rather than as the corporate representative of CBD Dissolved. To show prejudice, RSS maintains that defendants have made every attempt to avoid providing substantive responses to the discovery permitted by the Court. RSS also maintains that defendants have interfered and obstructed RSS's attempts to obtain discovery from third parties. RSS asserts that according to these third parties, Mr. Penuel, an attorney representing defendants, told third parties that they did not need to respond to RSS's subpoenas because he would handle them on their behalf. The vast majority of third parties have failed to respond to RSS's subpoenas at all, which RSS argues is the result of a coordinated campaign by defendants to interfere with third party witnesses and deny it the information necessary to prove its case.

CBD Dissolved: Decision. The discovery issues raised by RSS do not demonstrate that it will be prejudiced if the entry of judgment is set aside. Discovery in this case has been contentious and will likely remain so. Moreover, early on CBD Dissolved offered to accept service and defend on the merits. Plaintiff refused the offer. This refusal has

5

caused further delay and complicated discovery far more than CBD Dissolved's failure to timely respond to the complaint.

CBD Dissolved has stated a meritorious defense. CBD Dissolved maintains that the alleged trade secrets were not trade secrets at all and that they were not reasonably protected at relevant times. Defendants also maintain that they are not using any alleged trade secrets and that they have not caused plaintiff and damage or injury.

With respect to whether CBD Dissolved's culpable conduct led to the default, I find that neither party has acted reasonably. The complaint is at best ambiguous. The caption names as a defendant "Carolina Bedding Direct, LLC." Paragraph 6 of the complaint again identifies the defendant as "Carolina Bedding Direct, LLC" but goes on to state that there a two such entities, one incorporated in North Carolina and the other in Florida. Although RSS now claims that it properly identified CBD Dissolved, the complaint includes two addresses and two separate registered agents. Moreover, the complaint alleges continued violations of the injunction despite the fact that the CBD Dissolved was no longer in operation.

As for CBD Dissolved, the caption of the complaint identifies the address and statutory agent of it, not the Florida entity. Given the fact that the case caption identifies the North Carolina entity and service was perfected on the statutory agent for CBD Dissolved, it was misguided to simply ignore the summons and complaint and assume that the wrong entity had been served. CBD Dissolved provides no explanation for its failure to not take any action once it was served.

Equally misguided, however, are RSS's attempts to assert that there are three named defendants rather than two. Carolina Bedding, LLC (FL), quite simply, is not a party to this action. Despite RSS's assertion that Carolina Bedding Direct of Florida, LLC and/or Mattress By Appointment, LLC are successor limited liability companies of Carolina Bedding Direct of North Carolina, LLC, and a judgment against Carolina Bedding Direct of North Carolina, LLC would be good against them, the complaint makes no such allegations. If RSS intended to bring this action against Carolina Bedding, LLC (FL)in addition to CBD Dissolved, the case caption should have clearly identified Carolina Bedding, LLC (FL) as a defendant.

Because I find that the factors weight in favor of setting aside the entry of default, I RECOMMEND that CBD Dissolved's February 17, 2014 motion to set aside entry of default, to deny motion for default judgment and for leave to move or plead in response to the complaint (doc. 27) be GRANTED and that plaintiff RSS's November 21, 2013 motion for default judgment against Carolina Bedding Direct, LLC (doc. 10) be DENIED.

Mattress by Appointment, LLC. MBA incorrectly argues that RSS failed to obtain good service upon it. Rule 4(h) of the Federal Rules of Civil Procedure permits a plaintiff to serve a corporation by following state law for serving a summons in action brought in courts of general jurisdiction in the state where the district court is located. *See* Fed. R. Civ. P. 4(e)(1). Rule 4.6 of the Ohio Rules of Civil Procedure states:

> If a United States certified or express mail envelope attempting service within or outside the state is returned with an endorsement stating that the envelope was unclaimed, the clerk shall forthwith notify the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact and method of notification on the appearance docket. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. *Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery*. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party.

Civ. R. Rule 4.6(D)(emphasis added). MBA has failed to demonstrate that it was not properly served. *See* docket entries 11 and 12. The United States Postal Service website indicates that the Tracking Number 70121640000207725433 was unclaimed. *See* attachment to this Order. The mailing sent by ordinary mail by the Clerk of Court at the request of plaintiff's counsel has not been returned, nor has MBA stated that the address was incorrect. Under the Ohio rule, plaintiff was properly served.

Although plaintiff has not shown that it suffered prejudice from the delay and it appears that MBA has a meritorious defense, I conclude that defendant MBA's culpable conduct led to the default and that it has shown "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.

8

*Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). As a result, I RECOMMEND that defendant MBA's January 30, 2014 motion to set aside entry of default (doc. 18) be DENIED.

**Conclusion.** For the reasons stated above, the Magistrate Judge RECOMMENDS that CBD Dissolved's February 17, 2014 motion to set aside entry of default, to deny motion for default judgment and for leave to move or plead in response to the complaint (doc. 27) be GRANTED and plaintiff RSS's November 21, 2013 motion for default judgment against Carolina Bedding Direct, LLC (doc. 10) be DENIED.

The Magistrate Judge further RECOMMENDS that defendant MBA's January 30, 2014 motion to set aside entry of default (doc. 18) be DENIED.  An evidentiary hearing will be held before the Magistrate Judge on August 15, 2014 at 10:00 a.m. in accordance with the Court's February 27, 2014 Order concerning plaintiff RSS's January 27, 2014 motion for default judgement against MBA (doc. 17). *See* doc. 33.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v.*

9

*Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge
